Appeal from Trial Term, New York County.

Action by Rosie Zang, an infant, by Tillie Zang, her guardian ad litem, against Adrian H. Joline and another, as receivers of the Metropolitan Street Railway Company. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Frederick J. Moses, of New York City, for appellants.

John V. Bouvier, of New York City, for respondent.

===

## In re BRAKER'S ESTATE.

### Appeal of FLETCHER.

(Supreme Court, Appellate Division, First Department. October 17, 1913.)

1. APPEAL AND ERROR (§ 373*)—UNDERTAKING ON APPEAL—NECESSITY.

Under Code Civ. Proc. § 2577, providing that, to render a notice of appeal effectual for any purpose, except as provided, appellant must give a written undertaking for payment of costs as provided, the appeal was not effectual where no undertaking was given; the case not coming within any statutory exception.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2001–2004; Dec. Dig. § 373.*]

2. COURTS (§ 202*)—PROBATE APPEAL—FILING PAPERS.

The surrogate had no authority to relieve from a default in filing the papers on appeal to the Appellate Division.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 480–486; Dec. Dig. § 202.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter óf the estate of Conrad M. Braker. On motion to dismiss the appeal of one Fletcher. Motion granted.

Argued before Ingraham, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

William P. S. Melvin, of New York City, for the motion.
Frederic W. Frost, of New York City, opposed.

PER CURIAM. [1] No undertaking having been given by appellant, the appeal was not effective under section 2577 of the Code of Civil Procedure. Appellant was also in default for failing to file or serve papers upon which appeal was based. The answer is that the attorneys were acting under the advice and direction of a Philadelphia lawyer, and motion was made before the surrogate to open the default.

[2] The surrogate has no authority over default in filing of papers on appeal to this court; and, no excuse having been given for failure to file the printed papers on appeal, the motion is granted.

---

### In re BRAKER'S ESTATE.

#### Appeal of FLETCHER.

(Supreme Court, Appellate Division, First Department. October 17, 1913.)

1. COURTS (§ 202*)—PROBATE APPEAL—SERVING PAPERS—OPENING DEFAULT.
   The surrogate has no authority to open a default in serving printed papers on appeal to the Appellate Division.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 480–486; Dec. Dig. § 202.*]

2. APPEAL AND ERROR (§ 633*)—DISMISSAL OF APPEAL—GROUNDS.
   In the absence of a valid reason why the printed papers on appeal to the Appellate Division were not filed and served, a motion to dismiss the appeal will be granted.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2772–2774; Dec. Dig. § 633.*]

In the matter of the estate of Conrad Braker. On motion to dismiss Fletcher's appeal. Motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.